| | |
|---|---|
| RANDY WALDMAN, M.D., ) | |
| EDDIE CORTEZ, M.D., JIM SHIRE, M.D., ) | |
| TOM KANIFF, M.D., ) | |
| ) | Case No: 1:08-cv-39 |
| Plaintiffs, ) | Chief District Judge Curtis L. Collier |
| ) | |
| v. ) | |
| ) | |
| PALOMAR MEDICAL ) | |
| TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Before the Court is the motion of defendant Palomar Medical Technologies, Inc. ("Defendant") for summary judgment (Court File Nos. 12, 14, 16, 18) against plaintiffs Randy Waldman, M.D., Eddie Cortez, M.D., Jim Shire, M.D., and Tom Kaniff, M.D. (collectively "Plaintiffs"). For the following reasons, this matter will be **DISMISSED WITHOUT PREJUDICE**.

### I.    FACTS & PROCEDURAL BACKGROUND

Defendant is in the business of supplying medical equipment to physicians. Plaintiffs are physicians who negotiated and entered into an agreement to purchase equipment from Defendant. This agreement is evidenced by two separate writings. Plaintiffs allege that in the course of the negotiations Defendant made several fraudulent representations that the equipment purchased by Plaintiffs would be "a platform to the future with all future attachments and upgrades based upon

this platform and completely compatible with the platform." (Court File No. 1 ¶ 3). Plaintiffs also allege that "[Defendant] has intentionally built defective equipment to force doctors . . . to purchase warranty protection through a service contract." (*Id*. ¶ 6). Plaintiffs allege that "[t]he defendant knew or should have known that the equipment did not work and that there was no scientific study proving the effectiveness of the equipment." (*Id*. ¶ 8). Finally, Plaintiffs allege they were induced to enter into the Use of Equipment Agreement with an agreement they could trade in the equipment in the event there were significant improvements. (*Id*. ¶¶ 9, 10). According to Plaintiffs, this agreement was not honored.

Plaintiffs then filed suit in the Chancery Court of Hamilton County, Tennessee, claiming damages for violations of the Tennessee Consumer Protection Act of 1977, Tenn. Code Ann. §§ 47-18-101 to 47-18-124 ("TCPA"), breach of contract for sale of goods, and the tort of fraud. On February 21, 2008, Defendant filed a notice of removal to this Court, invoking removal jurisdiction under 28 U.S.C. § 1446 (Court File No. 1). Attached to the notice of removal was the original complaint filed in Hamilton County Chancery Court (*id.* Ex. A).

Defendant has moved for summary judgment alleging this cause of action is contrary to the forum selection clause in the relevant contract (Court File Nos. 12, 14, 16, 18). Plaintiffs argue the forum selection clause is not within the earlier contract which forms the basis for the suit (Court File Nos. 20-23). Defendant has filed replies to Plaintiffs' responses (Court File Nos. 24-27).

On September 10, 2008, the Court heard oral arguments by counsel on the summary judgment motion (Court File No. 29).

### A. Use of Equipment Agreement

Plaintiffs first agreed to a Use of Equipment Agreement. This agreement provided "[i]f User

purchases StarLux system with three (3) handpieces (value $115,000) for subtotal $83,000 by December 31, 2005, [Palomar] shall grant to User the right to use a Palomar Lux IR handpiece (the "Equipment") when available for delivery. Palomar shall at all times be the owner of all rights, title and interest in and to the Equipment." (Court File Nos. 20-23 Ex. A). The agreement also provided the "User" would protect Defendant's intellectual property, and would perform a ten patient "study at User's Center with the StarLux system using the Lux IR Handpiece." The agreement concludes with a paragraph indicating "[t]his agreement constitutes the entire understanding of the Parties related to use of the Equipment and the Services, and revokes and supersedes all prior agreements related to the use of Equipment and Services between the Parties and is intended as a final expression of their Agreement. It shall not be modified or amended except in writing signed by the Parties hereto and specifically referring to this Agreement." As stated above, the equipment referred to in the integration clause is the Lux IR handpiece. The "Services" referred to are related to the ten patient study, which was described as "the following Services" when introduced in the writing. The complete integration clause in the Use of Equipment Agreement only relates to the Lux IR handpiece and the study for its effectiveness.

### B. Quotation

Defendant provided a Quotation to each plaintiff, which each plaintiff then signed indicating acceptance of the Quotation (Court File Nos. 12, 14, 16, 18 Ex. 1). The signature block of this Quotation included language referring to the terms and conditions printed on the reverse side. One of the terms and conditions of sale was "[t]his agreement and matters connected with the performance thereof or otherwise arising out of this agreement shall be construed, interpreted, applied and governed and enforced in all respects by the laws of the Commonwealth of

Massachusetts. The purchaser consents to the exclusive jurisdiction of the courts of the Commonwealth of Massachusetts."

The Quotation listed the agreed upon price from the Use of Equipment Agreement, $83,000, and listed the equipment sold as a Palomar StarLux Pulsed Light System as well as Lux R, Lux V, Lux G handpieces, and various accessories.

The Quotation also provided that it was

> the entire and only agreement between the parties hereto relating to the subject matter hereof, and any representation, affirmation of fact and course of prior dealings, promise or condition in connection therewith or usage of the trade not incorporated herein shall not be binding on either party. . . . Terms and conditions set forth which differ from, conflict with or are not included in the terms and conditions set forth in this document shall not become a part of any agreement between us and the purchaser unless such terms and conditions are specifically accepted by both parties in writing.

A later filing by Defendant clearly shows the Lux IR handpiece, referred to in the Use of Equipment Agreement, is a separate item, and was not included in the later Quotation (Court File Nos. 24-27 Ex. 2).

In sum, Plaintiffs claim the relevant agreement is the Use of Equipment Agreement. Defendant claims the relevant agreement is the Quotation. The Use of Equipment Agreement does not have a forum selection clause while the Quotation does provide for a forum selection clause. And Plaintiffs argue the forum selection clause has no application in the present suit because they are relying on the earlier agreement.

## II. STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

-4-

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[1] The moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). That is, the moving party must provide the grounds upon which it seeks summary judgment, but does not need to provide affidavits or other materials to negate the non-moving party's claims. *Celotex*, 477 U.S. at 323. The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, and must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

---

[1]The correct procedural device for the enforcement of forum selection clauses has been the source of disagreement. The Sixth Circuit has previously declined to decide the correct procedure for enforcement. *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369, 371 n.2 (6th Cir. 1999). But more recently the Sixth Circuit has indicated Rule 12(b)(3), relating to improper venue, is not applicable. *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 538-39 (6th Cir. 2002). The Supreme Court, without speaking directly to the issue, has upheld the use of summary judgment as a mechanism to enforce a forum selection clause. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991).

## III. DISCUSSION

### A. Procedural Issues

At oral argument on Defendant's summary judgment motion, Plaintiffs raised for the first time two procedural matters which, they contend, justify this case's remand to state court. First, Plaintiffs argue that Defendant failed to comply with the procedural requirements for removal contained in 28 U.S.C. §§ 1446 and 1447 because Defendant, in its notice for removal, did not attach all the pleadings in the case that had been served on it. Specifically, Plaintiffs contend Defendant is missing certain necessary attachments to the complaint, including one or more of the contracts at issue. Second, Plaintiffs argue for remand because Defendant provided no affidavits supporting its motion for summary judgment, making Defendant unable to prevail on its argument for enforcement of the forum selection clause in the Quotation.

Federal district courts may hear actions originally brought in a state court if the federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be premised on complete diversity of citizenship between parties if the amount in controversy requirement of $75,000 is satisfied. 28 U.S.C. § 1332(a). The procedure for removal is governed by 28 U.S.C. § 1446, which provides a defendant wishing to remove must include with its notice for removal "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). However, "[a] motion to remand the case on the basis of any defect [in removal procedure] other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). That is, "procedural defects in removal are . . . similar to lack of personal jurisdiction, and therefore, may be waived." *Page v. City*

*of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995) (citing *In re Cont'l Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994)). The conclusion is that "defects in removal procedure . . . are waived unless raised in a plaintiff's motion within thirty days after removal." *Id.*

Here, Plaintiffs contend Defendant failed to attach necessary documents to the complaint, including some of the contracts at issue in the case. While this may be a cognizable procedural defect because it did not meet the requirement of attaching "a copy of *all* process, pleadings, and orders," 28 U.S.C. § 1446(a) (emphasis added), Plaintiffs waived any objection to the defect by not raising it on motion within thirty days after Defendant filed the removal petition. Hence, Defendant's removal petition to this Court remains valid, and Plaintiffs' procedural objection is rejected.

Plaintiffs' second contention is that because Defendant failed to submit affidavits in support of its motion for summary judgment, Defendant cannot win its motion for summary judgment (mandating enforcement of the forum selection clause) and the case must be remanded. Affidavits, however, are not required to support a summary judgment motion under Fed. R. Civ. P. 56. *Celotex*, 477 U.S. at 323; *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992). "In cases where the nonmoving party bears the burden of proof on a dispositive issue, a summary judgment motion may rely solely on the pleadings." *Salas*, 980 F.2d at 304 (citing *Celotex*, 477 U.S. at 324). "The movant can support its motion by pointing out the absence of evidence supporting the nonmovant's case." *Id.* Here, Plaintiffs bear the burden of demonstrating the forum selection clause's invalidity. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972) ("[I]t should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."). It is not

up to Defendant to come forward with affidavits if its other submitted evidence demonstrates it must prevail on its summary judgment motion. As the discussion below makes clear, Defendant has shown no genuine issue of material fact exists as to the enforceability of the forum selection clause. Accordingly, Plaintiffs' procedural challenge to Defendant's failure to include affidavits with its summary judgment motion will be rejected.

  **B.**  **Substantive Issues**

The first step in the analysis of these two contracts is to explain their role in the transaction. The Use of Equipment Agreement provided Defendant would supply a Lux IR handpiece if the "User" purchased a StarLux system with three handpieces. The remainder of the Use of Equipment Agreement outlined the duties of the two parties in regard to the "Equipment," which is a defined term in the agreement and refers to the Palomar Lux IR handpiece. Additionally, the purchase had to occur before December 31, 2005 or, presumably, the agreement would lapse.

This is, in effect, a firm offer. Defendant agreed to undertake and require the purchaser to undertake certain duties if the purchaser purchased a StarLux system with three handpieces at a discount rate. But absent purchase of the system, Defendant had no obligation to turn over the "Equipment," and the "User" had no obligation to undertake a study on a piece of equipment he did not possess. If the purchaser did not purchase a StarLux system with three handpieces neither side would be bound by the agreement.[2] "It is an elementary principle that until both parties are bound either may withdraw, and it is difficult to escape the conclusion that, so long as the seller withheld his definite assent to an element of the contract . . . the buyers had reserved to them the right of

---

[2]Indeed, at oral argument, in response to the Court's question of what Plaintiffs' obligations under the Use of Equipment Agreement were, Plaintiffs noted that their purchase of the equipment was an essential term in the Use of Equipment Agreement.

-8-

cancellation." *Canton Cotton Mills v. Bowman Overall Co.*, 257 S.W. 398, 401 (Tenn. 1924). Here, of course, it was the buyers that withheld their assent to the purchase of the system, and so the firm offer of this contract could only be accepted through entry into a separate, later contract for the sale of the Palomar StarLux System.

This is true regardless of the signature block executed for the Use of Equipment Agreement. Notwithstanding the "execution" of the Agreement, the terms of the document left the purchase of the StarLux System as a conditional event. Assent must bind both parties in order to be effective, and this execution bound neither.

Both parties argue the contract that supports their position is the only relevant contract. This, however, must be incorrect. If this were true, all terms in the Use of Equipment Agreement not contained in the Quotation (virtually none is) would not exist as between the parties, and the Quotation would in effect be a novation by which both parties eliminated the previous Use of Equipment Agreement. For if the contracts cover the same subject matter, the "Additional or Inconsistent Terms" clause in the Quotation would eliminate any previous agreements. This is clearly not what the parties had in mind. The earlier contract cannot be the sole contract either. It clearly contemplated the purchase of the StarLux System as a subsequent, conditional event. It set no terms for that sale aside from the price, and the final integration clause did not indicate the Use of Equipment Agreement was a final agreement regarding the purchase of the StarLux System.

The better view is these separate agreements cover two different but linked transactions. The Use of Equipment Agreement covers the supply of the Lux IR handpiece, and the Quotation covers the underlying acceptance of that agreement through the purchase of the Palomar StarLux System and three handpieces.

Plaintiffs' complaint is not particularly detailed, even though it easily satisfies the liberal standard of pleading under the federal rules. Plaintiffs allege defects with both the StarLux system and the Lux IR handpiece. "Among other things, the defendant promised the plaintiffs that their equipment would be a platform to the future with all future attachments and upgrades based upon this platform and completely compatible with the platform." (Compl. ¶ 3). At a later point Plaintiffs allege "that the IR hand piece was totally ineffective." (Compl. ¶ 10).

The question of law before the Court is whether the Court should dismiss this action pursuant to a forum selection clause where (1) there are two linked transactions, one of which contains a forum selection clause, one of which does not; (2) both of which, Plaintiffs allege, were breached and induced by fraud; and (3) where the first contract could only be accepted by entering into the second contract. If these two contracts could easily be separated, the result is rather elementary: the Court would allow the claims related to the contract without a forum selection clause to go forward, and dismiss without prejudice the claims related to the contract with a forum selection clause.

Here, Plaintiffs allege Defendant, through its agents, made fraudulent statements inducing Plaintiffs to enter into the Use of Equipment Agreement. But as the Court concluded above, this Use of Equipment Agreement could only be effective upon the formation of the subsequent contract for the sale of the StarLux System. Therefore, any fraudulent statements would relate to both contracts. As a practical matter, if the Court allowed Plaintiffs' claims under the Use of Equipment Agreement to go forward it would determine any dispute in regard to the Quotation, which is subject to a forum selection clause.

"[T]he validity or invalidity of a forum selection clause depends upon whether it is fair and reasonable in light of all the surrounding circumstances attending its origin and application."

*Dyersburg Mach. Works, Inc. v. Rentenbach Eng'g Co.*, 650 S.W. 2d 378, 380 (Tenn. 1983) (citing Restatement (Second) of Conflict of Laws § 80 (1988)).[3] "The burden of persuading the court that stay or dismissal of the action would be unfair or unreasonable is upon the party who brought the action." Restatement (Second) of Conflict of Laws § 80 cmt. c (1988). "[A]n unselected court must give effect to the choice of the parties and refuse to entertain the action unless (1) the plaintiff cannot secure effective relief in the other state, for reasons other than delay in bringing the action; (2) or the other state would be a substantially less convenient place for the trial of the action than this state; (3) or the agreement as to the place of the action was obtained by misrepresentation, duress, abuse of economic power, or other unconscionable means; (4) or it would for some other reason be unfair or unreasonable to enforce the agreement." *Dyersburg*, 650 S.W.2d at 380.

Tennessee follows the modern rule and considers forum selection clauses prima facie valid. For the Court to allow this action to continue would allow Plaintiffs to effectively avoid a valid forum selection clause. For at the termination of these proceedings, Plaintiffs may then attempt to enforce their rights under the Quotation in Massachusetts, and Defendant could be estopped from relitigating any facts found in this present litigation. This result is contrary to Tennessee law, and the Court will therefore apply the forum selection clause in the Quotation to Plaintiffs' claims.

Plaintiffs argue that even if the forum selection clause applies, a Tennessee court would not enforce it under these circumstances. Plaintiffs argue the clause should not be enforced for four

---

[3]Massachusetts also enforces forum selection clauses so long as they are fair and reasonable. *Jacobson v. Mailboxes Etc. U.S.A., Inc.*, 646 N.E.2d 741, 743 (Mass. 1995). Kentucky follows the same law. *Prezocki v. Bullock Garages, Inc.*, 938 S.W.2d 888, 889 (Ky. 1997). Likewise Kansas and California follow the modern rule. *Vanier v. Ponsoldt*, 833 P.2d 949, 959 (Kan. 1992); *Benefit Ass'n Intranet, Inc. v. Superior Court*, 54 Cal. Rptr. 2d 165, 170 (Cal. Ct. App. 1996). Notwithstanding the arguments of the parties, the Court need not determine which state's law applies to each contract as the different jurisdictions are in accord.

reasons. First, Plaintiffs argue Massachusetts would be a substantially less convenient place for a trial. Second, the forum selection clause was obtained by misrepresentation and other unconscionable means. Third, Plaintiffs did not agree to the forum selection clause. Fourth, it would be unfair or unreasonable to enforce the clause under the facts of this case.

First, Plaintiffs argue "the majority of the acts complained of occurred in the state of Tennessee. Witnesses, including the salesperson who fraudulently induced the plaintiffs to contract with the Defendant [are] located in the state of Tennessee." (Court File Nos. 20-23 at 6). Defendant does not respond to this argument. However, Plaintiffs are claiming Defendant designed obselescence into their products, wrongfully represented the viability of the StarLux System as a platform, and knew or should have known the Lux IR handpiece was totally ineffective.

Plaintiffs are correct that many relevant issues of fact and witnesses are located in the state of Tennessee. However, the complaint indicates many issues and witnesses relate to the design of the equipment at issue, and will be located in the Commonwealth of Massachusetts. Plaintiffs have provided no explanation or argument for why the Tennessee issues so predominate as to render the forum selection clause invalid. Plaintiffs bear the burden of proving the forum selection clauses are invalid, and Plaintiffs have failed to do so in this case.

Second, Plaintiffs argue the forum selection clause was obtained by misrepresentation and other unconscionable means. "[D]efendant fraudulently induced [Plaintiffs] to enter the Use of Equipment agreement based upon misrepresentations made by the defendant." (Court File Nos. 20-23 at 7). But the fraud alleged has to do with the goods to be delivered under the contracts. For a plaintiff to avoid a forum selection clause because of fraud the plaintiff must show the fraud relates to inclusion of the clause itself and not fraud in the inducement generally:

-12-

> [U]nless there is a showing that *the alleged fraud or misrepresentation induced the party opposing a forum selection clause to agree to inclusion of that clause* in a contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause.

*Tritt v. Category 5 Records, LLC*, — F. Supp. 2d —, 2008 WL 2856458, at *3 (M.D. Tenn. July 23, 2008) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1138 (6th Cir. 1991) (emphasis in original)). *See also Lamb v. MegaFlight, Inc.*, 26 S.W.3d 627, 631 (Tenn. Ct. App. 2000) (finding the forum selection clause before it unenforceable because plaintiffs sought rescission of the contract, which would render the entire contract, including the forum selection clause, void). Here, unlike in *Lamb*, Plaintiffs have made no request to rescind the contract. Instead, Plaintiffs rely on the contract, and in suing on the contract Plaintiffs must comply with its obligations if they seek the benefit of its protections. "In a word, '[r]egardless of the duty sought to be enforced in a particular cause of action, if the duty arises from the contract, the forum selection clause governs the action.'" *Tritt*, 2008 WL 2856458, at *3 (quoting *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993)).

Even the passage Plaintiffs rely upon indicates the allegation must be that "the agreement as to the place of the action" was obtained by fraud and not the contract generally. *Dyersburg*, 650 S.W.2d at 380. Plaintiffs' allegations that Defendant entered into these contracts without intending to fulfill them is not sufficient to void the forum selection clause.

Third, Plaintiffs argue they did not agree to the forum selection clause, which is why there is no such clause in the contract upon which they sue. Plaintiffs are unclear on whether they are arguing the alleged fraud vitiates mutual assent, or whether they are merely rearguing which contract is the applicable contract. In any event, the Court has already sufficiently dealt with those issues and will not revisit them now. Plaintiffs may be claiming there was no mutual assent because of the adhesive nature of the contract. However, the adhesive nature of the contract is merely relevant and

is "not of itself controlling." Restatement (Second) of Conflict of Laws § 80 cmt. c (1988).

Fourth, Plaintiffs argue enforcement of the clause would be unfair and unreasonable under the facts of this case. Plaintiffs argue the clause is unfair "because the plaintiff did not bargain for the clause when it entered the Use of Equipment agreement with the defendant." (Court File No. 20-23 at 7). But as the Court has already pointed out, the Use of Equipment Agreement could only become effective after Plaintiffs ordered the equipment. The fact the clause was not dickered over during the negotiation of the Use of Equipment Agreement is irrelevant; Plaintiffs were bound by neither agreement until they assented to the terms of the Quotation. It would be reasonable to read an offer, contingent on a future purchase, to contemplate the purchase be made with the standard terms and conditions of the offeror.

In a related argument, Plaintiffs argue the forum selection clause does not cover pre-contractual misrepresentations. Plaintiffs cite no law in support of this proposition, and this argument is contrary to way the law treats allegations of fraud in the context of forum selection clauses outlined above.

### IV. CONCLUSION

For the foregoing reasons, this action will be **DISMISSED WITHOUT PREJUDICE**.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**